**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BRADFORD T. LAZARSKI**                                                          **PETITIONER**


**VS.**                          **CASE NO. 4:03CR000143 JMM
                                4:07CV000445 JMM**

**UNITED STATES OF AMERICA**                                          **RESPONDENT**

**ORDER**

Pending is petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to

28 U.S.C. § 2255 and the government's response.  Petitioner contends that his sentence should be

set aside based upon ineffective assistance of counsel on appeal and because the law changed

before his sentence became final.

For the reasons stated below, the motion is granted (#113).

I. *Facts*

The facts relevant to this appeal are as follows. Petitioner pleaded guilty to one count of

being a felon in possession of a firearm.  Pursuant to his plea agreement, the government

dismissed two other charges related to firearms.

At sentencing petitioner objected to the following as being classified as violent felonies

under 18 U.S.C. §  924(e) or crimes of violence under U.S.S.G.  § 4B1.1:  a 1994 guilty plea in

Georgia to possession of tools for the commission of a crime; a 1994 guilty plea to burglary in

Illinois; a 1995 guilty plea in Georgia to entering an automobile to commit theft; and a 1995

aggravated assault conviction in Georgia.[1]   Petitioner did not object to a 1995 guilty plea to automobile theft in Georgia being counted as a violent crime.

Petitioner testified at his sentencing hearing that the 1994 Georgia guilty plea to possession of tools for the commission of a crime did not involve a burglary, rather he pleaded guilty to having a flashlight, a screwdriver, and a pair of lock cutters.  He testified that the 1994 Illinois burglary conviction resulted from his pleading guilty to breaking into a truck which was unoccupied and unlocked.  Petitioner testified that the 1995 Georgia conviction for entering an automobile to commit theft consisted of his breaking into an unoccupied car and removing some property.  Finally petitioner testified that the 1995 Georgia aggravated assault consisted of him threatening to shoot someone with a BB gun.

In calculating petitioner's sentence under the Sentencing Guidelines and under Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Court counted three prior state convictions as violent crimes: the 1994 Illinois conviction for burglary, the 1995 Georgia conviction for entering an automobile to commit theft, and the 1995 Georgia conviction for automobile theft.   The 1994 Georgia guilty plea to possession of tools was not counted as a violent crime, but petitioner was assessed three criminal history points under U.S.S.G.  §  4A1.1.

Inclusion of these convictions qualified petitioner as a career offender under U.S.S.G.  §  4B1.1 of the Guidelines which automatically placed him in a criminal history

---

[1]Because the definition of "crime of violence" under U.S.S.G.  § 4B1.2 is identical to the definition of "violent felony' under § 924(e) as applied to petitioner's case, the Court will use the term violent crimes to represent both terms.

category of VI[2] and brought about application of the § 924(e) which set a mandatory minimum sentence of 15 years.

The pre-sentence report reflected that pursuant to U.S.S.G. § 2K2.1(a)(2) petitioner's base offense level was 24 based upon petitioner committing the instant offense after sustaining two convictions for crimes of violence. Petitioner received a four point enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(B) because the instant offense involved the transportation of eight firearms; a two level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because the firearms involved in the instant offense were stolen; a four point enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) because petitioner possessed the firearms in connection with another felony offense, specifically, home burglaries; and a two level enhancement pursuant to U.S.S.G. § 3C1.2 because defendant recklessly created a substantial risk of death or serious injury to another person in the course of fleeing from law enforcement officers when arrested for the instant offense.

Petitioner received a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 resulting in petitioner having a total offense level of 33.  With a total offense level of 33 and criminal history category of VI, the Sentencing Guideline range was 235 to 293 months.

After making a downward departure, the Court sentenced petitioner to 200 months imprisonment, 5 years supervised release, and a $100.00 special assessment.

---

[2]A classification under U.S.S.G. § 4B1.1 automatically places a defendant in a criminal history category of VI. *See* U.S.S.G. § 4B1.1(b) (2002) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

Petitioner filed a timely notice of appeal of his sentence to the United States Court of

Appeals for the Eighth Circuit which affirmed the sentence of the District Court on January 5,

2006.

II.  *Analysis*

    A.  *Retro-application of a New Rule of Law*

At sentencing, the Court found that petitioner's 1995 Georgia conviction for breaking

into a vehicle for the purposes of committing a theft and his 1994 Illinois conviction  for

burglarizing a vehicle should be classified as violent crimes because they "otherwise involved"

conduct that presented a serious potential risk of physical injury to another as stated in

§ 924(e)(2)(B)(ii) and in U.S.S.G.  § 4B1.2(a)(2).[3]   In making this decision, the Court applied

*United States v. Sun Bear*, 307 F.3d 747 (8th Cir. 2002) which held that under U.S.S.G.  § 4B1.2

attempted automobile theft is a violent crime under this "otherwise involves" language.[4]

---

[3]Under § 924(e) a violent felony is one that involves a firearm, knife, or destructive device that is attempted to be used or is threatened to be used by physical force against the person of another, or if the crime involves burglary or "otherwise involves" conduct that presents a serious potential risk of physical injury to another.  18 U.S.C. § 924(e).

Under U.S.S.G.  § 4B1.2 a crime of violence is one that "has as an element the use, attempted use, or threatened use of physical force against the person of another, or . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves* conduct that presents a serious potential risk of physical injury to another." *See* U.S.S.G. § 4B1.2(a)(1) and (2) (emphasis added).

[4]The Court notes that the Eighth Circuit subsequently relied on *Sun Bear* to hold that automobile theft is a violent crime for purposes of § 924 (e)(2)(B)).  *See United States v. Sprouse*, 394 F.3d 578, 581 (8th Cir. 2005).

4

This "otherwise involves" language was addressed by the  Eighth Circuit in *United States v. McCall*, 439 F.3d 967, 970 (8th Cir. 2006) (*en banc*) which was decided after petitioner's appeal was denied.    In *McCall* the Eighth Circuit held that "to determine whether a prior conviction was a violent felony within the meaning of the 'otherwise involves' provision in § 924(e)(2)(B)(ii), the sentencing court must first determine whether the elements of that prior crime involved or described conduct that 'necessarily entails a serious potential risk of physical injury.' "   *Id.* at 970.   After the *McCall* decision, the Eighth Circuit held in *United States v. Livingston*, 442 F.3d 1082 (8th Cir. 2005) that breaking or entering a vehicle for purposes of committing a theft is not a violent felony under the "otherwise involves" language of § 924(e)(2)(B)(ii).

Petitioner contends that *McCall* set forth "new law" which was used to decide *Livingston* and that under the principles stated in *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708 (1987) this new law should be applied retroactively to his case.   He argues that he would not be classified as an armed career offender subject to a 15 year minimum sentence and his guideline range would be different if *Livingston* were applied to his 1994 Illinois burglary conviction and his 1995 Georgia conviction for entering an automobile to commit theft.

Under *Griffith*, the Supreme Court held that a new rule for the conduct of criminal prosecutions can be applied retroactively to all cases, state or federal, pending on direct review or those not yet final.  *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708 (1987).   The government concedes that petitioner's case was not yet final when *McCall* and *Livingston* were decided, but argues that the holding in *McCall* was not "new law" and even if it were, only Supreme Court "new law" can be applied retroactively.

5

The Court disagrees and finds that *McCall* and *Livingston* created new law which established that breaking and entering an automobile to steal from the automobile was not a violent felony for purposes of § 924(e)(2)(B)(ii).  Moreover, under *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), an intervening change in the law of a circuit can be retroactively applied in a § 2255 motion.

B. *Ineffective Assistance of Counsel*

Petitioner contends that his counsel was ineffective because he failed to argue on appeal to the Eighth Circuit under *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205(2005) that burglarizing a vehicle is not a violent crime because breaking and entering a vehicle is not included within the definition of burglary as used in § 924(e)(2)(B)(ii).  *See Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205(2005) ( under § 924(e) "a burglary is a violent crime only if committed in a building or enclosed space ("generic burglary"), not in a boat or motor vehicle." ).

Because the Court did not classify the relevant convictions as violent crimes based on their being burglaries, but rather because they involved conduct that presented a serious potential risk of physical injury to another, *Shepard* is not applicable.  Petitioner's also contends that his counsel was ineffective because he failed to file for *certiorari* and argue *Livingston* to the Supreme Court.  This argument is unavailing as counsel no longer represented petitioner when *Livingston* was decided.

III.  *Conclusion*

Petitioner's § 2255 motion is granted and his sentence is vacated.  A hearing will be set by subsequent order for re-sentencing.  The United States Probation Office is directed to re-

calculate petitioner's pre-sentence report excluding petitioner's 1994 Illinois conviction for

burglary and his 1995 Georgia conviction for entering an automobile to commit theft as violent

felonies under § 924(e)(2)(B)(ii) or as a crime of violence under U.S.S.G.  § 4B1.2(a).

      IT IS SO ORDERED THIS  20  day of    November   , 2007.

James M. Moody
United States District Judge